JOHN L. BURRIS Esq., SBN 69888
LATEEF GRAY, Esq., SBN 250055
JAMES COOK Esq., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
lateef.gray@johnburrislaw.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
GARY MILLER

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MILLER, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CITY OF OAKLEY, a municipal corporation; COUNTY OF CONTRA COSTA, a municipal corporation; RYAN MACLENNAN, individually and in his capacity as an officer for the Oakley Police Department; CHRISTOPHER HAMBLIN, individually and in his capacity as an officer for the Oakley Police Department; "FNU" SCHULTZ, individually and in his capacity as a sergeant for the Oakley Police Department; DAVID RIDDLE, individually and in his capacity as an officer for the Oakley Police Department; BRIAN FABEL, individually and in his capacity as an officer for the Oakley Police Department and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                    Defendants. | CASE NO.: 3:17-cv-206<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. This action is against the CITY OF OAKLEY, OFFICERS RYAN MACLENNAN, CHRISTOPHER HAMBLIN, "FNU" SCHULTZ, DAVID RIDDLE, BRIAN FABEL of the Oakley Police Department, and DOES 1-50.

2. It is also alleged that these violations and torts were committed during the course and scope of the above-mentioned officers' employment with the City of Oakley Police Department.

# JURISDICTION

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Oakley California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

# PARTIES

4. Plaintiff GARY MILLER ("Plaintiff") has been and is a resident of California and a United States Citizen.

5. Defendant, RYAN MACLENNAN, (hereinafter "Defendant Maclennan") was a Police Officer for the Oakley Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakley Police Department.

6. Defendant, CHRISTOPHER HAMBLIN, (hereinafter "Defendant Hamblin") was a Police Officer for the Oakley Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakley Police Department.

7. Defendant, "FNU" SCHULTZ, (hereinafter "Defendant Schultz") was a Police Officer for the Oakley Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakley Police Department.

8. Defendant, DAVID RIDDLE, (hereinafter "Defendant Riddle") was a Police Officer for the Oakley Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakley Police Department.

9. Defendant, BRIAN FABEL, (hereinafter "Defendant Fabel") was a Police Officer for the Oakley Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Oakley Police Department.

10. Defendant City of Oakley ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Oakley Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of Defendant officers, individually and as peace officers.

11. Defendant County of Contra Costa ("County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Oakley Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of Defendant officers, individually and as peace officers.

12. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

13. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

**FACTUAL ALLEGATIONS**

14. On January 15, 2015, at around 8:00 p.m., Plaintiff was in his family's home, located at 5030 Martin Street, in Oakley, when Defendant Fabel of the Oakley Police Department arrived to investigate a "neighborhood dispute." Defendant Fabel knocked on Plaintiff's front door and asked Plaintiff to step outside, which Plaintiff did. Defendant Fabel then questioned Plaintiff near the front door. At some point, Defendant Hamblin arrived and Defendant Fabel walked away. Defendant Hamblin then started talking to Plaintiff. After some time, Plaintiff, who was never informed that he was being detained or arrested, started walking toward his front door, as he needed to take his medication. Defendant Hamblin followed Plaintiff. Plaintiff closed his front door and Defendant Hamblin thereafter tried to break down Plaintiff's door.

15. Plaintiff's wife and middle daughter were sitting in the living room/kitchen area and observed this. Plaintiff, his wife and daughter were all in fear at this point. Plaintiff then heard sirens outside. Plaintiff tried to call several other law enforcement agencies because he felt that the authorities at the scene were conducting themselves unlawfully.

16. Additional Oakley police officers and Contra Costa County Sheriff's deputies arrived. Defendants Maclennan, Schultz and Riddle were present on the scene.

17. At some point, Plaintiff's wife was having a telephone conversation with their oldest daughter, who had arrived on scene, but was not allowed into the home by several yet-to-be identified Oakley police officers. Plaintiff was then receiving messages from yet-to-be identified Oakley police officers via his daughter's mobile phone. The gist of the messages was that Plaintiff should come outside. Plaintiff complied and went outside.

18. As Plaintiff got to the bench near his front door, he saw several yet-to-be identified Oakley police officers raise their guns as if they were about to fire. In light of all the recent police shootings of unarmed individuals, this scared Plaintiff even more. Plaintiff then retreated back into the safety of his home.

19. Plaintiff's wife, who was still in communication with several yet-to-be identified Oakley police officers via her daughter's mobile phone, incredulously asked something to the effect

of "why would he go out there now?" At this time, Plaintiff could hear a police dog outside barking. After more conversation, Plaintiff again went outside and sat down on the bench near his front door. Plaintiff's hands were in the air. A yet-to-be identified Oakley police officer, without any warning, then unleashed a K9 officer, which bit Plaintiff about Plaintiff's left arm and body.

20. Plaintiff was then pounced upon by several yet-to-be identified Oakley police officers. These yet-to-be identified Oakley police officers then beat Plaintiff about the head and body with fists, knees, feet and bricks from Plaintiff's yard. Plaintiff's wife was standing at the front door and observed Plaintiff being beaten.

21. At some point, Plaintiff lost consciousness, but vividly remembers being dragged down the street and beaten some more about the head and body by several yet-to-be identified Oakley police officers. Plaintiff also remembers having his face pinned against a police car by several yet-to-be identified Oakley police officers.

22. Plaintiff sustained injuries related to being hit with blunt objects as well as multiple K9 bites.

23. Defendant Hamblin never stated that Plaintiff was under arrest or being detained. Plaintiff believed that he had a right to end the conversation and enter his home. Defendant Hamblin did not issue any commands to Plaintiff before Plaintiff entered his home.

24. Plaintiff was taken to Contra Costa County Hospital. As a result of the defendant officers' wrongful actions, Plaintiff sustained a concussion. Also, Plaintiff suffered lacerations on his left arm from the K9 officer's bites. In addition, Plaintiff suffered a broken collarbone and bruising on his body. Plaintiff still continues to suffer from the injuries sustained that day.

25. Plaintiff alleges that only an unreasonable officer would release a K9 officer and repeatedly beat a defenseless man under these circumstances in the manner the Defendant officers did. Plaintiff further alleges that he never presented any threat to anyone that could justify the amount of force that Defendant officers used, and that Defendant officers unreasonably provoked the violent confrontation.

26. Plaintiff suffered severe emotional distress as a direct result of the involved Defendant officers' misconduct described herein.

27. The actions and omissions of the City and the Defendant Oakley Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of the City and/or other jurisdictions. The City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

28. The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## DAMAGES

29. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth, Eighth and Fourteenth Amendments, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

30. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite reasonable suspicion to detain Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution-Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants City and DOES 26-50)**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25, and/or the Oakley Police Department.

39. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

40. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25 and/or each of them, the Oakley Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

41. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to their use of excessive force.

42. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking Oakley Police Department supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and

enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

45. As a direct and proximate result of Defendants' violations of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

46. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

47. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

48. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Negligence)
(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-50

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

51. Defendants negligently and without due care violently beat a handcuffed Plaintiff without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

52. The violent and needless beating of a handcuffed person occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Battery)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 of this Complaint.

54. Defendants intentionally beat Plaintiff without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants Maclennan, Hamblin, Schultz, Riddle, Fabel, and DOES 1-25)**

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of this Complaint.

56. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants unleashed a K9 officer on a non-resisting Plaintiff and then mercilessly beat Plaintiff while he was handcuffed and defenseless, without legal justification.

57. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

58. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  January 15, 2017            __/s/ John L. Burris
                                    John L. Burris Esq.
                                    Attorney for Plaintiff